NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRYAN JOSEPH SEDLAK, JR. | : | |
| | : | |
| Appellant | : | No. 1888 WDA 2017 |

Appeal from the PCRA Order November 14, 2017
In the Court of Common Pleas of Crawford County Criminal Division at
No(s): CP-20-CR-0000605-2014

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.: FILED NOVEMBER 2, 2018

Appellant, Bryan Joseph Sedlak, Jr., appeals from the November 14, 2017 Order entered in the Crawford County Court of Common Pleas dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. Counsel for Appellant has filed with this Court an Anders[1] Brief and a Petition to Withdraw as Counsel. We grant counsel's Petition to Withdraw, and we affirm the PCRA court's Order.

_____

[1] See Anders v. California, 386 U.S. 738 (1967). Counsel filed an Anders brief. However, the proper mechanism when seeking to withdraw in PCRA proceedings is a Turner/Finley brief. See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988). Because an Anders brief provides greater protection to a criminal appellant, we may accept an Anders brief in lieu of a Turner/Finley no-merit brief. Commonwealth v. Widgens, 29 A.3d 816, 817 n.2 (Pa. Super. 2011); Commonwealth v. Fusselman, 866 A.2d 1109, 1111 n.3 (Pa. Super. 2004).

The relevant facts and procedural history, as gleaned from the certified record and the PCRA court's October 13, 2017 Memorandum and Order, are as follows. The Commonwealth charged Appellant with two counts of Aggravated Assault, four counts of Recklessly Endangering Another Person ("REAP"), and one count each of Simple Assault and Discharging Firearms Prohibited,[2] arising from the May 3, 2014 shooting of Jeremy Araujo.

On April 7, 2015, Appellant entered a negotiated guilty plea to felony Aggravated Assault.[3] That same day, the court sentenced Appellant to a standard-range term of 44 to 120 months' incarceration. At the time he entered his guilty plea, Appellant acknowledged his understanding of his right to file a post-sentence motion and a direct appeal by signing a form entitled "Appellate Rights of Defendant After Sentencing." Appellant did not, however, file a post-sentence motion or a direct appeal. Appellant's Judgment of Sentence, thus, became final on May 7, 2015.

On April 11, 2016, Appellant filed a timely pro se PCRA Petition, in which he claimed, inter alia, that his plea counsel was ineffective for failing to file a post-sentence motion challenging the discretionary aspects of his sentence and for failing to file a direct appeal. The PCRA court appointed counsel who

_____

[2] 18 Pa.C.S. §§ 2702(a)(1); 2702(a)(4); 2705; 2701; and Meadville Municipal Code § 749.02, respectively.

[3] The Commonwealth dismissed one of the charges of REAP and nolle prossed the remaining charges.

- 2 -

filed an Amended PCRA Petition on October 4, 2016, raising these issues again.

On August 18, 2017, the PCRA court held an evidentiary hearing on Appellant's Petition, limited to whether Appellant requested his plea counsel file a motion for reconsideration and/or a direct appeal. Appellant testified that his plea counsel, Joseph J. Ferguson, Esquire, failed to communicate with him after his sentencing. Appellant claimed that he asked Attorney Ferguson to file a post-sentence motion or an appeal, but that Attorney Ferguson neglected to do so. Attorney Ferguson testified that he communicated with Appellant on multiple occasions after his sentencing and that Appellant did not want Attorney Ferguson to file a post-sentence motion or appeal on his behalf.

The Commonwealth presented documentary evidence in support of Attorney Ferguson's testimony, including: (1) an internal memo dated April 10, 2015, memorializing Attorney Ferguson's visit with Appellant after his sentencing; (2) multiple letters exchanged between Appellant and Attorney Ferguson, including one dated April 16, 2015, from Attorney Ferguson to Appellant, referencing their meeting and confirming that Appellant had said that he did not want Attorney Ferguson to file any post-sentence motions or appeal any aspect of his sentence; and (3) two letters sent to Attorney Ferguson from Appellant. The first, dated May 26, 2015, mentioned nothing about filing a post-sentence motion or a direct appeal, nor did it raise any questions about Appellant's sentence. The second, dated October 13, 2015— more than 5 months after Appellant's sentencing—is the first correspondence

- 3 -

of record in which the Petitioner mentioned seeking a reduction in his sentence.

The PCRA court credited the Commonwealth's evidence over that of Appellant. Accordingly, on November 14, 2017, it dismissed Appellant's Petition. This appeal followed.[4] Appellant complied with Pa.R.A.P. 1925. The PCRA court did not file a Rule 1925 Opinion to supplement its October 13, 2017 Memorandum and Order.

Before we consider Appellant's arguments, we must review appellate counsel's request to withdraw from representation. Pursuant to Turner/Finley, counsel must conduct an independent review of the record before withdrawal on collateral appeal is permitted. Commonwealth v. Pitts, 981 A.2d 875, 876 n.1 (Pa. 2009). Counsel is then required to submit a "no merit" letter (1) detailing the nature and extent of his or her review; (2) listing each issue the petitioner wished to have reviewed; and (3) providing an explanation of why the petitioner's issues are meritless. Id. The court then conducts its own independent review of the record to determine if the Petition is meritless. Id. Counsel must also send to the petitioner: "(1) a copy of the 'no-merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by

_____

[4] On December 1, 2017, Appellant's PCRA counsel filed a Petition for Leave to Withdraw as Counsel and Appoint New Counsel. The PCRA court granted counsel's Petition on December 5, 2017. Appellate counsel entered her appearance and filed Appellant's Notice of Appeal on December 12, 2017.

new counsel." Commonwealth v. Wrecks, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that counsel has complied with each of the above requirements. Additionally, counsel served Appellant with a copy of the Petition to Withdraw and Turner/Finley Brief, advising him that he had the right to proceed pro se or with privately retained counsel. Since counsel has complied with the Turner/Finley requirements, we will proceed with our independent review of the record and the merits of Appellant's claims.

In her Anders Brief, counsel indicated Appellant wished to raise the following issue on appeal:

> Whether the PCRA [c]ourt committed an error of law when it denied [] Appellant's [P]etition for [Post-[C]onviction [R]elief?

Anders Brief at 4.

This Court's "standard of review for an order denying post-conviction relief is limited to whether the trial court's determination is supported by evidence of record and whether it is free of legal error." Commonwealth v. Allen, 732 A.2d 582, 586 (Pa. 1999). Further, "[t]he PCRA court's findings "will not be disturbed unless there is no support for the findings in the certified record." Commonwealth v. Johnson, 945 A.2d 185, 188 (Pa. Super. 2008).

Appellant alleges that his plea counsel provided ineffective assistance. In order to establish eligibility for PCRA relief, a petitioner must prove by a preponderance of the evidence that the conviction resulted from "[i]neffective assistance of counsel, which in the circumstances of the particular case, so

undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

In analyzing claims of ineffective assistance of counsel, we presume that trial counsel was effective unless the PCRA petitioner proves otherwise. Commonwealth v. Williams, 732 A.2d 1167, 1177 (Pa. 1999).

In order to succeed on a claim of ineffective assistance of counsel, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. Commonwealth v. Fulton, 830 A.2d 567, 572 (Pa. 2003). Appellant bears the burden of proving each of these elements, and his "failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." Commonwealth v. Daniels, 963 A.2d 409, 419 (Pa. 2009).

Appellant claims that his plea counsel was ineffective for failing to "object to and/or challenge the discretionary aspects of his sentence" by filing a post-sentence motion or direct appeal.[5] Anders Brief at 8.

---

[5] Appellant also claims, for the first time, that he did not enter his guilty plea knowingly and voluntarily because his plea counsel failed to inform him of the possible range of sentence he faced. However, Appellant never filed a motion to withdraw his guilty plea. See Commonwealth v. Lincoln, 72 A.3d 606, 609-10 (explaining that a defendant who wishes to challenge the voluntariness of his guilty plea must object during the plea colloquy or file a motion to withdraw his plea within ten days of sentencing). Further, issues not raised in the trial court are waived on appeal. Pa.R.A.P. 302(a). Accordingly, Appellant has waived this argument.

The Honorable Mark D. Stevens, who presided over all of the proceedings in this case, has authored a comprehensive, thorough, and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's challenge to his counsel's representation. After a careful review of the parties' arguments and the record, we adopt the PCRA court's Opinion as our own and conclude that Appellant's issue warrants no relief. See PCRA Ct. Op., 10/13/17, at 2-4 (concluding that Appellant's ineffectiveness claim fails because the credible evidence demonstrated that: (1) Appellant's plea counsel took action to follow up with Appellant after sentencing; (2) Appellant made it clear to counsel did that he did not wish to file a post-sentence motion or direct appeal; (3) despite being informed of his post-sentence rights and obligations, Appellant waited months before asking counsel about the possibility of a reduced sentence; and (4) the court imposed a sentence on the low end of the standard range despite the existence of multiple aggravating circumstances). Accordingly, we affirm the denial of PCRA relief and grant counsel's Petition to Withdraw.

Order affirmed. Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2018

- 7 -

IN THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
                                :
    v.                        :           C.R. 605-2014
                                  :
BRYAN SEDLAK                 :
                                  :
                                  :

## MEMORANDUM AND ORDER

Mark D. Stevens, J.                                    October 13, 2017

Before the Court is the Defendant's October 4, 2016, Amended Petition for Post-Conviction Relief. The Petitioner was sentenced on April 7, 2015, to 44 months to 120 months imprisonment upon a plea of guilty to Aggravated Assault, a felony of the first degree.

The Petitioner filed a pro se Petition for Post Conviction Collateral Relief under the Post Conviction Relief Act (PCRA) on April 11, 2016. The Petitioner retained counsel, who entered his appearance on August 15, 2016. Counsel for the Petitioner filed an Amended PCRA Petition on October 4, 2016. An evidentiary hearing was held February 2, 2017. The limited issues to be addressed at the time of the PCRA evidentiary hearing included (1) whether the Petitioner could establish that he requested a Motion for Reconsideration be filed; (2) whether the Petitioner requested and appeal be lodged; and (3) whether the circumstances surrounding those alleged requests rose to the level such that PCRA relief is warranted.

Several motions to continue were requested by Counsel and granted. On August 18, 2017, a PCRA hearing was held, at which time the Court heard testimony from multiple witnesses. The Court directed that the Commonwealth file a brief within thirty (30) days of the hearing and thereafter, Counsel for the Petitioner file a brief within forty-five days of the hearing, or 15 days from the date of the Commonwealth brief. The Commonwealth's brief was filed September 5, 2017, and Counsel for the Petitioner's brief was filed September 20, 2017, thus the matter is now ripe for determination.

After the Petitioner was sentenced, he did not file a post-sentence motion or direct appeal to the Superior Court. The sole issue raised by the Petitioner is that his counsel, Attorney Joseph J. Ferguson Esq., was ineffective for failing to file a post-sentence motion or an appeal, challenging the discretionary aspects of the Petitioners sentence. The Petitioner argues that he requested Counsel to file such a post-sentence motion or appeal and/or counsel should have

1

known to do so without the Petitioner's request because the maximum imposed was more than twice the minimum.

At the August 18, 2017, PCRA hearing, the Petitioner's testimony was that Attorney Ferguson failed to communicate with him after sentencing and failed to file a post-sentence motion or appeal after sentencing, despite the Petitioner's request that one be filed. In contrast, Attorney Ferguson's credible testimony was that he communicated with the Petitioner on multiple occasions after sentencing and the Petitioner did not want Attorney Ferguson to file a post-sentence motion or appeal on his behalf. Attorney Ferguson's testimony was supported by the Commonwealth's presentation of multiple letters exchanged between the Petitioner and attorney. Additionally, an internal memo, dated April 10, 2015, drafted by Attorney Ferguson, following a visit with the Petitioner after sentencing, further evidences his open communication with the Petitioner after sentencing. The letters and memo were authenticated and entered into evidence by the Commonwealth at the PCRA hearing.

The Commonwealth's Exhibit 5 was Attorney Ferguson's follow up letter to the Petitioner on April 16, 2017, confirming their meeting, and noting that the Petitioner expressed that he did not wish to file any post-sentence motions or appeal any aspect of his sentence. Attorney Ferguson noted that if he misunderstood the Petitioner's intentions or that if the Petitioner had any questions, to contact him.

Two letters written by the Petitioner and sent to Attorney Ferguson were entered into evidence as the Commonwealth's Exhibit 1, dated May 26, 2015, and the Commonwealth's Exhibit 2, which was dated October 13, 2015. The May 26, 2015, letter mentioned nothing about filing a post-sentence motion or appeal nor did it present any questions about the Petitioner's sentence. The October 13, 2015, letter sent approximately six months after sentencing is the only correspondence of record in which the Petitioner mentioned seeking a reduction of his sentence. The letter stated in relevant part, "is there anything I can do to get my sentence reduced somehow...." The letter did not mention a post-sentence motion or appeal.

The evidence of record is clear that Attorney Ferguson took action to follow up with the Petitioner after sentencing. Attorney Ferguson visited the Petitioner after sentencing and sent a follow up letter to make certain that the Petitioner did not desire to file a post-sentence motion or appeal, based on their previous discussion. Attorney Ferguson took every precaution to ensure that the Defendant was aware of his post-sentence rights and provided the Defendant with an opportunity to file a post-sentence motion or appeal if he so desired. Despite communication on both ends, several months passed by before the Petitioner questioned Attorney Ferguson about the possibility of a reduced sentence. By the time the Petitioner made this request, it was well past the deadline for a post-sentence motions or appeal to be filed.

The Petitioner further argued that if he did not request Attorney Ferguson to file a post-sentence motion or appeal on his behalf, Attorney Ferguson should have known to do so because the Petitioner's sentence was heavy on the maximum end. The Court notes that there is no case law that would support this argument. The maximum end of the sentence was more than twice the minimum, which complies with the requirement that the maximum be at least twice the minimum. *Commonwealth v. Edwards*, 906 A.2d 1225, 1230 (Pa. Super. 2006). The Court's sentence was discretionary, not illegal, and frankly reasonable based upon the circumstances, including the enhanced penalties the Petitioner was subject to.

In Counsel for the Petitioner's post-hearing brief, he admitted that the Petitioner did not ask Attorney Ferguson to take action any action regarding his sentencing until approximately six months after the sentencing hearing, well outside of the time period allowed for post-sentence motions or direct appeals. However, Counsel for the Petitioner took issue with the "Appellate Rights of the Defendant After Sentencing" form, signed by the Petitioner and Attorney Ferguson on April 7, 2015. Specifically, counsel argued that the form did not inform the Petitioner that if he did not file a timely post-sentence motion, challenging the discretionary aspects of his sentence, and a timely direct appeal if the motion was denied, then the Petitioner waved such a challenge, and could not later seek to modify or reduce his sentence, if he did not do so immediately following sentencing.

The use of a written colloquy that is read, completed, signed by a defendant, and made part of the sentencing proceeding is permitted by Pa.R.Crim. Rule 704, Procedure at Time of Sentencing. A written colloquy must be supplemented by an on-the-record oral examination to determine that the defendant has been advised of the applicable rights enumerated in paragraph (C)(3) of the rule and that the defendant has signed the form. All of these steps were followed during the Petitioner's sentencing and are of record.

The language of the "Appellate Rights of Defendant After Sentencing" form, used by Crawford County is appropriate and in compliance with the rules of criminal procedure, specifically Rule 704, and properly notifies a defendant of his rights after sentencing and the deadlines associated with post sentence filings. The form states that a post-sentence motion "must" be filed within ten days after the imposition of sentence and an appeal to the Superior Court of Pennsylvania "must" be filed within thirty days." The form makes clear that these options are the only options available to a defendant to challenge his sentence and makes clear of the procedural and timeliness requirements.

When the Petitioner signed the "Appellate Rights of Defendant After Sentencing" form on April 7, 2015, he affirmed that he understood the information completely, and therefore was aware of the timeliness requirements. Both the Court and Attorney Ferguson took the necessary steps to ensure the Petitioner understood his post sentence rights, and provided multiple

3

opportunities for the Petitioner to ask questions in the event that he did not understand the form or his post-sentence rights.

The credible evidence of record is that Attorney Ferguson was in contact with the Petitioner throughout his representation, including after the Petitioner was sentenced. Attorney Ferguson understood based upon their communications that the Petitioner did not desire to file any post-sentence filings. The record does not suggest that the Petitioner questioned Attorney Ferguson about the possibility of a reduced sentence until six months after sentencing. The language of the "Appellate Rights of Defendant After Sentencing" form, signed by the Petitioner, is appropriate and informed the Petitioner of the deadlines associated with any post-sentence filings. Further, The form used by Crawford County is in compliance with the rules of criminal procedure. The evidence of record suggests that the Petitioner at all times understood his rights and simply waited too long to question his attorney about the possibility of a reduced sentence.

The Court notes that no issue of merit exists in this case. Further, even if the Court reached the merits of the discretionary sentencing issue, reconsideration would not be appropriate. The sentence was not an abuse of discretion and no reasonable, new grounds to modify the sentence have been advanced. The Court imposed a minimum term on the low end of the standard range, despite the fact that multiple aggravating factors existed. The Court disclosed in open court at the time of sentencing, the reasons for the sentence imposed. Additionally, a detailed discussion with the Defendant regarding the sentence imposed and it's compliance with the plea agreement and sentencing guidelines is part of the record.

Upon the Court's review of the record in its entirety and having analyzed the arguments of counsel, the Court has determined that the Defendant's argument lacks merit and that no issue of merit exists. Therefore, the Court intends to dismiss the PCRA Petition.

ACCORDINGLY, the Court enters the following Order:

4

IN THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
:
v. :
:
BRYAN SEDLKA :
:
:
:

C.R. 605-2014

## O R D E R

AND NOW, this 13th· day of October 2017, for the reasons set forth in the attached Memorandum, the Court intends to DISMISS the Petitioner's request for PCRA relief.

1. The Petitioner may respond to this proposed dismissal within thirty (30) days from the date of this Order.

2. Thereafter, the Court will order the Petition dismissed, grant leave to file an Amended Petition, or direct that the proceeding continue.

3. A copy of this Order and the attached Memorandum will be sent by the Clerk of Courts to the Petitioner by certified mail, return receipt requested.

BY THE COURT,

_____
J.

Distributed by Clerk of Courts

Date as Filed _10-13-17_

cc: Andrew J. Natalo, Esq. ADA, *Attorney for the Commonwealth*
Michael J. Machen, Esq., *Attorney for the Defendant*

D.A _email_

Def. Atty. _Machen email_

Def. _Cert._

Jail _____

Apo _____

Sheriff _____

Other _PD email_

5